1   JOSHUA S. GOODMAN, ESQUIRE – State Bar #116576
    jgoodman@gnhllp.com
2   ZACHARY S. TOLSON, ESQUIRE – State Bar #242824
    ztolson@gnhllp.com
3   GOODMAN NEUMAN HAMILTON LLP
    One Post Street, Suite 2100
4   San Francisco, California 94104
    Telephone:   (415) 705-0400
5   Facsimile:   (415) 705-0411

6   Attorneys for Defendant
    HOME DEPOT U.S.A., INC.
7   (erroneously sued herein as "Home Depot, Inc."); and
    NICHOLAS RODGERS (erroneously sued as NICK RODGERS)
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  SCOTT REED,                          Case No.

12                         Plaintiff,    **NOTICE OF REMOVAL OF ACTION
                                         UNDER 28 U.S.C. §§ 1441 AND 1446(b)**
13  vs.                                  **BASED ON DIVERSITY OF
                                         CITIZENSHIP UNDER 28 U.S.C. § 1332**
14  HOME DEPOT, INC., NICK               **DEMAND FOR JURY TRIAL**
    RODGERS, and DOES 1 to 10,
15                                       Case Filed: August 6, 2021
                         Defendants.     Trial: Not set
16

17         **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18         PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc. (hereinafter

19  "HOME DEPOT"), by and through its counsel, hereby removes the above-captioned

20  action from the Superior Court of the State of California, in and for the County of

21  Mendocino, to the United States District Court, Northern District of California, for the

22  reasons described below:

23         1.    HOME DEPOT and NICK RODGERS are a named Defendants in a civil

24  action pending against it in the San Mateo County Superior Court, entitled *Scott Reed v.*

25  *Home Depot U.S.A., Inc., et al.*, Case No. 21CV00575.

26         2.    Plaintiff filed his Complaint against HOME DEPOT on August 6, 2021.

27  HOME DEPOT was served with Plaintiff's Complaint on February 24, 2022 (see **Exhibit**

28  **A**).  HOME DEPOT filed an Answer on March 15, 2022 (see **Exhibit B**).

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

3.      Venue is proper in this Court because the boundaries of the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 84(b) include Mendocino County.

4.      Following the filing of this Notice of Removal of Action, written notice of this filing will be served on counsel for Plaintiff and will be filed with the Clerk of the Superior Court of California for the County of Mendocino in accordance with 28 U.S.C. § 1446(d).

## JURISDICTION

5.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  This case may be removed to this Court by HOME DEPOT pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446 in that it is a case that could have been commenced in federal court based on diversity of citizenship.

6.      Diversity jurisdiction applies for the following reasons:

a.      Both at the time that this action was commenced and at this time, Defendant HOME DEPOT was incorporated in Delaware and has its principal place of business in Georgia.  HOME DEPOT's corporate offices are located in Atlanta, Georgia, where its finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal departments are located, making policy decisions that affect the entire company.  "'[P]rincipal place of business' refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities… i.e., the 'nerve center.'" (*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (U.S., 2010).)  "For purposes of removal… the citizenship of defendants sued under fictitious names shall be disregarded."  (28 U.S.C. §1441(a).)

b.      Defendant Rodgers is and was a resident of the State of California at all times relevant to removal.

c.      Plaintiff was not a California resident at the time this case was filed. He was a resident of the State of Washington. (See **Exhibit C.**) As such complete diversity exists. Diversity must exist at the time the lawsuit is filed. It need not exist

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

earlier, nor must it continue thereafter. (*Grupo Dataflux v. Atlas Global Group, L.P.* (2004) 541 U.S. 567, 571, 1924; *Verma v. 3001 Castor, Inc.* (3rd Cir. 2019) 937 F.3d 221, 227]. If diversity exists when the lawsuit is filed, it is immaterial whether it existed at some earlier time. Thus, diversity jurisdiction is not affected by the fact that all parties were citizens of the same state when the cause of action arose, as long as they are of diverse citizenship at time of filing. (*Lewis v. Lewis* (9th Cir. 1966) 358 F.2d 495, 501].)

     d.     Plaintiff Claims to have suffered a concussion, severe laceration over his right eye, and physical, mental, and emotional injuries as a result of an incident where some pipes allegedly fell and struck him in the head at a Home Depot. (See **Exhibit D**.) He claims to still be treating for his injuries even now, nearly three years after the August 31, 2019 incident. (*Id.*) His current complaints include intermittent memory loss, disorientation, and behavioral disturbances. (*Id.*) He claims that his future medical care as not yet been fully evaluated. (*Id.*) He claims over $14,000 in past medical expenses. (*Id.*) Plaintiff claims to have ongoing difficulties with staying focused and being attentive, as well as blurry vision. (*Id.*) Plaintiff has demanded the "policy limits" to settle this case. Home Depot's "policy limits" exceed $75,000.

     Where the Complaint or other writing does not disclose the amount in controversy, removal is proper where the preponderance of the evidence indicates the amount in controversy exceeds $75,000. (28 U.S.C. §1446(c)(2)(B); see also *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404; *McPhail v. Deere & Co.* (10th Cir. 2008) 529 F.3d 947, 954-955.) A removing defendant need not prove to a legal certainty that the amount in controversy has been met; rather a defendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question. (*McPhail, supra,* at 954.) Courts may consider factual statements in a defendant's notice of removal when assessing removal jurisdiction. (*Williams v. Best Buy Co., In.* (11th Cir. 2001) 269 F.3d 1316, 1319.)

     Accordingly, the amount in controversy between the parties exceeds the

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1    $75,000.00 threshold specified in 28 U.S.C. § 1332(a).

2        7.    Defendant Nicholas Rodgers consents to removal.

3        8.    Based on the foregoing, the matter is removable pursuant to 28 U.S.C.

4    §§ 1332 and 1446(b).

5        WHEREFORE, the undersigned requests that the action described above be

6    removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C.

7    § 1441, et seq.

8                        **DEMAND FOR JURY TRIAL**

9        Defendant demands a jury trial of 8 jurors pursuant to Federal Rules of Court,

10   Rule 48.

11   DATED:  March 23, 2022            GOODMAN NEUMAN HAMILTON LLP

12

13                                By: _____

14                                    JOSHUA S. GOODMAN
                                     ZACHARY S. TOLSON
15                                   Attorneys for Defendants
                                     HOME DEPOT U.S.A., INC. and
16                                   NICHOLAS RODGERS

17

18

19

20

21

22

23

24

25

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

26

27

28

-4-

# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jesse B. Chrisp 262518<br>Law Offices of J. Chrisp<br>15322 Lakeshore Drive, 3rd Floor<br>Clearlake, CA 95467<br><br>TELEPHONE NO:  707-994-0529          FAX NO. *(Optional):*  707-995-3529<br>E-MAIL ADDRESS *(Optional):*  jesse@chrisplaw.com<br>ATTORNEY FOR *(Name):*  Plaintiff, Scott Reed | **ELECTRONICALLY FILED**<br>8/6/2021 9:39 AM<br>Superior Court of California<br>County of Mendocino<br><br>By: *(signature)*<br>J. Lozano<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  MENDOCINO
STREET ADDRESS: 100 N. State Street
MAILING ADDRESS:
CITY AND ZIP CODE: Ukiah, CA 95482
BRANCH NAME: Civil-Unlimited

PLAINTIFF: Scott Reed

DEFENDANT: Home Depot, Inc., Nick Rodgers

[x] DOES 1 TO 10

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [ ] **AMENDED** *(Number):*<br>Type *(check all that apply):*<br>[ ] **MOTOR VEHICLE**   [x] **OTHER** *(specify):* Premises Liability<br>　　[ ] **Property Damage**   [ ] **Wrongful Death**<br>　　[x] **Personal Injury**   [ ] **Other Damages** *(specify):* | 21CV00575 |

**Jurisdiction** *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE**
　　Amount demanded [ ] does not exceed $10,000
　　　　　　　　　　[ ] exceeds $10,000, but does not exceed $25,000
[x] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
　　[ ] from limited to unlimited
　　[ ] from unlimited to limited

1. **Plaintiff** *(name or names):* Scott Reed

   alleges causes of action against **defendant** *(name or names):*
   Home Depot, Inc., Nick Rodgers, and Does 10

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6

3. Each plaintiff named above is a competent adult
   a. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except plaintiff** *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]
**COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death**
Code of Civil Procedure, § 425.12<br>*www.courts.ca.gov*

PLD-PI-001

| SHORT TITLE:<br>Reed v. Home Depot, Inc., et al. | CASE NUMBER:<br>21CV00575 |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☒ **except** defendant *(name):* Home Depot, Inc.
   - (1) ☐ a business organization, form unknown
   - (2) ☒ a corporation
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe):*

   - (4) ☐ a public entity *(describe):*

   - (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does unknown to plaintiff.

   a. ☒ Doe defendants *(specify Doe numbers):* 1-10 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants *(specify Doe numbers):* 1-10 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**

   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: 21CV00575 |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☐ Intentional Tort

d. ☐ Products Liability

e. ☒ Premises Liability

f. ☒ Other *(specify)*:

     Negligent Hiring, Supervision, Training, and Supervising of Employees

11. Plaintiff has suffered

a. ☒ wage loss

b. ☐ loss of use of property

c. ☒ hospital and medical expenses

d. ☒ general damage

e. ☐ property damage

f. ☒ loss of earning capacity

g. ☒ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

    a. ☐ listed in Attachment 12.

    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. (1) ☒ compensatory damages

       (2) ☐ punitive damages

    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:

    (1) ☒ according to proof

    (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: August 3, 2021

Jesse B. Chrisp

_____

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001(2)

| SHORT TITLE:<br>Reed v. Home Depot, Inc., et al. | CASE NUMBER:<br>21CV00575 |
| --- | --- |

1 _____   **CAUSE OF ACTION—General Negligence**   Page 4 _____
    (number)

ATTACHMENT TO [ x ] Complaint      [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Scott Reed

alleges that defendant *(name):* Home Depot, Inc.,

[ x ] Does   1 _____   to  10 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: 08/31/2019

at *(place)*: Home Depot, Inc., 350 N Orchard Ave, Ukiah, CA 95482

*(description of reasons for liability)*:
On Saturday, August 31, 2019, at Home Depot in Ukiah, California, an improperly secured package of metal pipes rolled down off a shelf and struck Scott Reed in the face causing a concussion and severe laceration over his right eye.  As a result of the incident, Mr. Reed suffered physical, mental, and emotional injuries for which he has received treatment.  Mr. Reed continues to struggle with the consequences of this incident and is doing his best to recover from his injuries.  As a result of Home Depot's negligence, Mr. Reed incurred economic and non-economic damages for which he should be compensated.

Defendant Home Depot, Inc. was negligent by failing to exercise due care in causing a dangerous condition that resulted in injuries to Plaintiff Scott Reed. Defendants Home Depot, Inc., Nick Rodgers, and Does 1-10 knew or should have known of the presence of the unsecured pipes and had sufficient notice and time to either warn of the unsecured pipes or remedy them such that they were no longer a dangerous condition likely to cause severe bodily injury. Defendants, Nick Rodgers, and Does 1-5, the store managers, are personally liable because of negligent supervision, hiring, and training of the employees who failed to inspect, remedy, place warning signs, monitor, or identify the unsecured pipes that fell down and hit plaintiff in the head.

The Home Depot employee(s), identities unknown, who either caused the pipes to be unsecured or failed to inspect, identify or notice the unsecured pipes were unfit and incompetent to perform the work for which the employees were hired, and were not properly trained and/or supervised in the carrying of his or her duties. Defendant Nick Rodgers and Does 1-5, the managers, knew or should have known that the Home Depot employee(s) who caused the pipes to be unsecured themselves or failed to notice the unsecured pipes were unfit and incompetent to perform the work, and that this unfitness and incompetence created a particular risk to others. As a result of the unfitness and incompetence, Plaintiff suffered harm and incurred, and continues to incur, medical expenses as well physical pain, loss of enjoyment of life, embarrassment, stress, and anxiety in an amount to be proven at trial; and the unfitness, incompetence, and lack of proper training and supervision were a substantial factor in causing Plaintiffs harm.

Upon information and belief, Defendant Nick Rodgers, and the unknown Doe Home Depot employees, supervisors, and/or store managers are and at all times mentioned herein were residents of Mendocino County, California.

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007] | **CAUSE OF ACTION—General Negligence** | Code of Civil Procedure 425.12<br>www.courts.ca.gov |
| --- | --- | --- |

PLD-PI-001(4)

| SHORT TITLE:<br>Reed v. Home Depot, Inc., et al. | CASE NUMBER: |
|---|---|

2
_____         **CAUSE OF ACTION—Premises Liability**         Page ___5___
(number)

ATTACHMENT TO [x] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. *(name):* Scott Reed

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* 08/31/2019                         plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
See First Cause of Action - General Negligence for the description of premises and circumstances of injury.

Prem.L-2. [x] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):*
Home Depot, Inc., Nick Rodgers

[x] Does 1 _____ to 10 _____

Prem.L-3. [x] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*
Home Depot, Inc., Nick Rodgers

[x] Does 1 _____ to 10 _____

Plaintiff, a recreational user, was [ ] an invited guest [x] a paying guest.

Prem.L-4. [x] ***Count Three—Dangerous Condition of Public Property*** The defendants who owned public property
on which a dangerous condition existed were *(names):*
Home Depot, Inc.

[x] Does 1 _____ to 10 _____

a. [x] The defendant public entity had [ ] actual [x] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.

b. [x] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [x] **Allegations about Other Defendants** The defendants who were the agents and employees of the other
defendants and acted within the scope of the agency were *(names):*
Nick Rodgers

[x] Does 1 _____ to 10 _____

b. [x] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [x] as follows *(names):*
Nick Rodgers, Does 1-10, See First Cause of Action - General Negligence and Third Cause of Action - Negligent
Hiring, Supervision, Training, and Supervising of Employees

Page 1 of 1

| SHORT TITLE:<br>Reed v. Home Depot, Inc., et al. | CASE NUMBER: |
|---|---|

**THIRD CAUSE OF ACTION**

Negligent Hiring, Supervision, Training, and Supervising of Employees

Defendants, Nick Rodgers, and Does 1-5, the store managers, are personally liable because of negligent supervision, hiring, and training of the employees who failed to inspect, remedy, place warning signs, monitor, or identify the unsecured pipes that fell down and hit plaintiff in the head. The Home Depot employee(s), identities unknown, who either caused the pipes to be unsecured or failed to inspect, identify or notice the unsecured pipes were unfit and incompetent to perform the work for which the employees were hired, and were not properly trained and/or supervised in the carrying of his or her duties. Defendant Nick Rodgers and Does 1-5, the managers, knew or should have known that the Home Depot employee(s) who caused the pipes to be unsecured themselves or failed to notice the unsecured pipes were unfit and incompetent to perform the work, and that this unfitness and incompetence created a particular risk to others. As a result of the unfitness and incompetence, Plaintiff suffered harm and incurred, and continues to incur, medical expenses as well physical pain, loss of enjoyment of life, embarrassment, stress, and anxiety in an amount to be proven at trial; and the unfitness, incompetence, and lack of proper training and supervision were a substantial factor in causing Plaintiffs harm.

Upon information and belief, Defendant Nick Rodgers, and the unknown Doe Home Depot employees, supervisors, and/or store managers are and at all times mentioned herein were residents of Mendocino County, California.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

| This page may be used with any Judicial Council form or any other paper filed with the court. | Page 6 |
|---|---|

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Home Depot, Inc., Nick Rodgers, and Does 1-10<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Scott Reed | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>**ELECTRONICALLY FILED**<br>8/6/2021 9:39 AM<br>Superior Court of California<br>County of Mendocino<br>By: *J. Lozano*<br>Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Mendocino County Superior Court<br>100 N. State Street<br>Ukiah, CA 95482 | CASE NUMBER: *(Número del Caso):*<br>**21CV00575** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jesse B. Chrisp 262518, 15322 Lakeshore Drive, 3rd Floor, Clearlake, CA 95467

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | 8/6/2021 | Clerk, by<br>*(Secretario)* | Kim Turner , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br>3. ☒ on behalf of *(specify):* HOME DEPOT, Inc.<br>under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date)* |

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jesse B. Chrisp 262518<br>Law Offices of J. Chrisp<br>15322 Lakeshore Drive, 3rd Floor, Clearlake, CA 95467<br><br>TELEPHONE NO.: 707-994-0529    FAX NO. *(Optional):* 707-995-3529<br>ATTORNEY FOR *(Name):* PLAINTIFF SCOTT REED | ELECTRONICALLY FILED<br>8/6/2021 9:39 AM<br>Superior Court of California<br>County of Mendocino<br><br>By: *(signature)*<br>J. Lozano<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MENDOCINO**
STREET ADDRESS: 100 N. State Street
MAILING ADDRESS:
CITY AND ZIP CODE: Ukiah, CA 95482
BRANCH NAME: Civil-Unlimited

CASE NAME:
Reed v. Home Depot, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 21CV00575 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [x] is not a class action suit:
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 3, 2021

Jesse B. Chrisp
_____        ▶        _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

# EXHIBIT B

ELECTRONICALLY FILED
3/15/2022 3:48 PM
Superior Court of California
County of Mendocino

By:
Taylor Ramirez
Deputy Clerk

JOSHUA S. GOODMAN, ESQUIRE – State Bar #116576
ZACHARY S. TOLSON, ESQUIRE – State Bar #242824
GOODMAN NEUMAN HAMILTON LLP
One Post Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411

Attorneys for Defendants
HOME DEPOT U.S.A., INC. (erroneously sued herein as "Home Depot, Inc."); and
NICHOLAS RODGERS (erroneously sued as NICK RODGERS)

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MENDOCINO

| | |
|---|---|
| SCOTT REED,<br><br>                          Plaintiff,<br><br>vs.<br><br>HOME DEPOT, INC., NICK<br>RODGERS, and DOES 1 to 10,<br><br>                          Defendants. | Case No. 21CV00575<br><br>**HOME DEPOT U.S.A., INC.'S<br>(erroneously sued as HOME DEPOT,<br>INC.) and NICHOLAS RODGERS'<br>(erroneously sued as NICK RODGERS)<br>ANSWER TO PLAINTIFF'S<br>COMPLAINT**<br><br>Case Filed: August 6, 2021<br>Trial: Not set |

Defendants HOME DEPOT U.S.A., INC. (erroneously sued as HOME DEPOT,

INC.) and NICHOLAS RODGERS (erroneously sued as NICK RODGERS) (hereinafter

"Defendants"), in answer to the unverified Complaint of Plaintiff, deny each and every,

all and singular, allegations of the Complaint, and deny that Plaintiff has been injured or

damaged in any of the sums mentioned in the Complaint, or in any sum, or at all, as the

result of any act or omission of these answering Defendants.

### **FIRST AFFIRMATIVE DEFENSE**

#### **Comparative Fault/Negligence of Plaintiff**

These answering Defendants allege that Plaintiff was himself careless and

negligent in and about the matters alleged in the Complaint, and that this carelessness and

negligence on Plaintiff's own part contributed as a proximate cause to the happening of

the incident, the injuries, and loss and damage complained of, and any recovery by

Plaintiff should be reduced or eliminated based upon his comparative fault.

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1

## SECOND AFFIRMATIVE DEFENSE

2

### Comparative Fault/Negligence of Others

3    As a separate and further affirmative defense, these answering Defendants allege

4 that the sole proximate cause of the injuries and damages, if any, allegedly suffered by

5 the Plaintiff were the negligence and fault of persons or entities other than these

6 answering Defendants, for whose acts or omissions these answering Defendants are not

7 legally or otherwise responsible.

8

## THIRD AFFIRMATIVE DEFENSE

9

### Failure to State a Cause of Action

10    As a separate and further affirmative defense, these answering Defendants allege

11 that the Complaint fails to state facts sufficient to constitute a cause of action against

12 these answering Defendants.

13

## FOURTH AFFIRMATIVE DEFENSE

14

### Lack of Personal Jurisdiction

15    As a separate and further affirmative defense, these answering Defendants allege

16 that as to each and every cause of action alleged in the Complaint, the Court lacks

17 personal jurisdiction over Defendants.

18

## FIFTH AFFIRMATIVE DEFENSE

19

### Lack of Subject Matter Jurisdiction

20    As a separate and further affirmative defense, these answering Defendants allege

21 that as to each and every cause of action alleged in the Complaint, the Court lacks subject

22 matter jurisdiction over Defendants.

23

## SIXTH AFFIRMATIVE DEFENSE

24

### Lack of Capacity

25    As a separate and further affirmative defense, these answering Defendants allege

26 that said Complaint contains a defect in the parties whereby Plaintiff lacks capacity to sue

27 for those claims set forth therein.

28 ///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-2-

## SEVENTH AFFIRMATIVE DEFENSE

### Misjoinder of Parties

As a separate and further affirmative defense, these answering Defendants allege that said Complaint arises from a misjoinder of named parties whereby Plaintiff lacks capacity to sue for those claims set forth therein.  Such misjoinder will result in prejudice to Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Join Necessary Parties

As a separate and further affirmative defense, these answering Defendants allege that said Plaintiff failed to join necessary parties whereby in the interest of justice and fairness the action cannot proceed in the absence of the parties that should have been joined.

## NINTH AFFIRMATIVE DEFENSE

### Real Parties in Interest

As a separate and further affirmative defense, these answering Defendants allege that Plaintiff is not the real party in interest, and lacks standing to bring the claims set forth therein.

## TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

As a separate and further affirmative defense, these answering Defendants allege that at all times and places mentioned in the Complaint, Plaintiff failed to mitigate his damages.  The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances.  Any recovery by Plaintiff should be reduced or eliminated due to his failure to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### Spoliation of Evidence

As a separate and further affirmative defense, these answering Defendants allege that Plaintiff, either intentionally or negligently, failed to preserve the primary evidence

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

HOME DEPOT U.S.A., INC.'S AND NICHOLAS RODGERS' ANSWER TO PLAINTIFF'S COMPLAINT

1  relevant to this litigation, thus failing to afford these answering Defendants an

2  opportunity to inspect such evidence, thereby severely prejudicing Defendants.  Plaintiff

3  is therefore barred from introducing secondary or lesser evidence, and any recovery

4  should be diminished accordingly.

5  **TWELFTH AFFIRMATIVE DEFENSE**

6  **Doctrine of Laches**

7  As a separate and further affirmative defense, these answering Defendants allege

8  that Plaintiff has unreasonably delayed in bringing this action to the prejudice of

9  Defendants and this action is therefore barred by reason of the doctrine of laches.

10  **THIRTEENTH AFFIRMATIVE DEFENSE**

11  **Assumption of Risk**

12  As a separate and further affirmative defense, these answering Defendants allege

13  that Plaintiff had full knowledge of all the risks, dangerousness and hazards, if any there

14  were, and nevertheless voluntarily and with full appreciation of the amount of danger

15  involved in his actions and the magnitude of risk involved, assumed the risk of damages

16  to himself.

17  **FOURTEENTH AFFIRMATIVE DEFENSE**

18  **Causation**

19  As a separate and further affirmative defense, these answering Defendants allege

20  that their conduct was not the cause in fact or the proximate cause of any of the losses

21  alleged by Plaintiff.

22  **FIFTEENTH AFFIRMATIVE DEFENSE**

23  **No Notice of Dangerous Condition**

24  As a separate and further affirmative defense, these answering Defendants allege

25  that they had no notice, or inadequate notice, of any dangerous conditions that may or

26  may not have existed at the time of the losses alleged by Plaintiff, such that any

27  preventative measures could have been taken.

28  *///*

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-4-

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### Statute of Limitations

3

As a separate and further affirmative defense, these answering Defendants allege

4

that the Complaint of Plaintiff is barred by the statutes of limitations stated in Part 2, Title

5

2, Chapter 3, of the California Code of Civil Procedure, beginning with Section 335, and

6

continuing through Section 349.4 and, more particularly, but not limited to, Sections 337,

7

337.1, 337.15, 337.5, 338, 339, 340 and/or 343.

8

## SEVENTEENTH AFFIRMATIVE DEFENSE

9

### Reduction of Workers' Compensation Lien

10

As a separate and further affirmative defense, these answering Defendants allege

11

that at all times material herein, Plaintiff was in the course and scope of his employment

12

and that he was subject to the provisions of the Workers' Compensation Act of the State

13

of California; that certain sums have been paid to or on behalf of Plaintiff under the

14

applicable provisions of the Labor Code of the State of California; that Plaintiff's

15

employer and Plaintiff's co-employees were negligent and careless and that such

16

negligence and carelessness proximately contributed to and caused the injuries of Plaintiff,

17

if any; and that under the doctrine of *Witt v. Jackson* such negligence and carelessness

18

should reduce or eliminate any lien claim or claim which may be made for reimbursement

19

of Workers' Compensation benefits paid to or on behalf of Plaintiff.

20

## EIGHTEENTH AFFIRMATIVE DEFENSE

21

### Apportionment

22

As a separate and further affirmative defense, these answering Defendants allege

23

that if they are found liable for any injury and damage to Plaintiff, then said liability, if

24

any, must be limited to these answering Defendants' proportionate share of fault, if any

25

there be, pursuant to Code of Civil Procedure Section 1431.2.

26

## NINETEENTH AFFIRMATIVE DEFENSE

27

### Alteration

28

As a separate and further affirmative defense, these answering Defendants allege

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

HOME DEPOT U.S.A., INC.'S AND NICHOLAS RODGERS' ANSWER TO PLAINTIFF'S COMPLAINT

that the subject products/services/work identified in the Complaint were misused, modified, altered and/or subjected to certain treatment by Plaintiff and/or other unknown individuals or entities which substantially changed the performance, application characteristics, composition and formulation of the subject products after they left these answering Defendants' custody and control.

## TWENTIETH AFFIRMATIVE DEFENSE

### Reservation of Rights

As a separate and further affirmative defense, these answering Defendants allege that Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that it would be appropriate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Estoppel

As a separate and further affirmative defense, these answering Defendants allege that Plaintiff has waived and/or is estopped from alleging the matters set forth in his Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Discharge of Duties

As a separate and further affirmative defense, these answering Defendants allege that prior to the commencement of this action, these answering Defendants duly performed, satisfied and discharged all of its respective duties and obligations arising out of any and all agreements, representations or contracts made by them.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Trivial Defect

As a separate and further affirmative defense, these answering Defendants allege that the claims asserted in the Complaint are barred by the trivial defect doctrine.

///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

HOME DEPOT U.S.A., INC.'S AND NICHOLAS RODGERS' ANSWER TO PLAINTIFF'S COMPLAINT

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Statute of Frauds

As a separate and further affirmative defense, these answering Defendants allege that the Complaint and each of cause of action thereof is barred by the Statute of Frauds.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Waiver

As a separate and further affirmative defense, these answering Defendants allege that the Complaint and each of cause of action thereof is barred by Waiver.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Products Liability - Unforeseeable Use

As a separate and further affirmative defense, these answering Defendants allege that if Plaintiff sustained injuries attributable to the use of any product of these Defendants, which allegations are expressly denied, the injuries were caused in whole or in part by the unreasonable, unforeseeable and inappropriate purpose and/or improper use which was made of the product.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Compliance with Standards

As a separate and further affirmative defense, these answering Defendants allege that the methods and procedures employed in manufacturing, assembling, packaging, distributing, supplying and selling the products and/or services complied with all industry standards, federal, state and local regulations, and applicable states of the art in the industry at all times mentioned herein.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Products Liability - Misuse and Abuse

As a separate and further affirmative defense, these answering Defendants allege that the damages complained of in the Complaint were caused in whole or in part by the misuse and abuse of the product.

///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### Warranty – Failure to State Cause of Action

3     As a separate and further affirmative defense, these answering Defendants allege

4  that the Complaint and each cause of action thereof fails to state a cause of action in that

5  Plaintiff failed to give timely and proper notice of breach of warranty.

6

## THIRTIETH AFFIRMATIVE DEFENSE

7

### Products Liability – Modification, Alteration, and Change

8     As a separate and further affirmative defense, these answering Defendants allege

9  that the injuries and damages sustained by Plaintiff, if any, were solely and legally caused

10  by the modification, alteration or change of the product referred to in the Complaint and

11  said modification, alteration or change was performed by persons or entities other than

12  these answering Defendants and without Defendants' knowledge or consent.

13

## THIRTY-FIRST AFFIRMATIVE DEFENSE

14

### Unclean Hands

15     As a separate and further affirmative defense, these answering Defendants allege

16  that Plaintiff is barred from recovery by reason of his unclean hands.

17

## THIRTY-SECOND AFFIRMATIVE DEFENSE

18

### Debt Offset

19     As a separate and further affirmative defense, these answering Defendants allege

20  that Plaintiff's alleged debt should be offset against monies owed by the Plaintiff to these

21  answering Defendants.

22

## THIRTY-THIRD AFFIRMATIVE DEFENSE

23

### Proposition 51

24     As a separate and further affirmative defense, these answering Defendants allege

25  that if these answering Defendants are found liable for any injury and damage to Plaintiff,

26  then said liability for non-economic damages to Plaintiff must be limited to these

27  answering Defendants' proportionate share of fault, if any there be, as defined by Cal.

28  Civil Code Section 1431.2 et seq.

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### Res Judicata

3      As a separate and further affirmative defense, these answering Defendants allege

4  that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of

5  Res Judicata.

6

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

7

### Collateral Estoppel

8      As a separate and further affirmative defense, these answering Defendants allege

9  that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of

10  Collateral Estoppel.

11      WHEREFORE, Defendants pray:

12      1.      Plaintiff takes nothing against them by his Complaint;

13      2.      Defendants have judgment for their costs of suit; and

14      3.      Such other and further relief as the court deems just and proper.

15  DATED:  March 15, 2022                    GOODMAN NEUMAN HAMILTON LLP

16

17                                    By: _____

18                                          JOSHUA S. GOODMAN
                                          ZACHARY S. TOLSON
19                                          Attorneys for Defendant
                                          HOME DEPOT U.S.A., INC. and
20                                          NICHOLAS RODGERS

21

22

23

24

25

26  Goodman
    Neuman
    Hamilton LLP

27  One Post Street
    Suite 2100
    San Francisco, CA
    94104
28  Tel.: (415) 705-0400

-9-

1

## PROOF OF SERVICE

2 **CASE NAME:** *Scott Reed v. Home Depot, Inc., et al.*
**CASE NUMBER:** 21CV00575
3 **DATE OF SERVICE:** March 15, 2022

4 **DESCRIPTION OF DOCUMENTS SERVED:**

5 **HOME DEPOT U.S.A., INC.'S and NICHOLAS RODGERS' ANSWER TO PLAINTIFF'S COMPLAINT**

6

7 **SERVED ON THE FOLLOWING:**

8 Jesse B. Chrisp
LAW OFFICES OF JESSE B. CHRISP
15322 Lakeshore Dr., 3rd Floor
9 Clearlake, CA 95467
jesse@chrisplaw.com
10 *Attorneys for Plaintiff*

11        I am over the age of 18 years and not a party to or interested in the above-named
case. I am an employee of Goodman Neuman Hamilton LLP, and my business address is
12 One Post Street, Suite 2100, San Francisco, CA 94104. On the date stated above, I served a
true copy of the document(s) described above by:
13
        ELECTRONIC TRANSMISSION ONLY. Only by electronic submission of the
14 document(s) to the person(s) at the email address(es) listed, pursuant to the parties'
agreement to electronic service in this action and Code of Civil Procedure sections
15 1010.6(a)(4) and (5) and 1010.6(e). Prior to the service hereof, the appropriate electronic
service address for counsel being served was confirmed by email. No electronic message
16 or other indication that the transmission was unsuccessful was received within a reasonable
time after the transmission of the document(s).
17
        I declare under penalty of perjury under the laws of the State of California that the
18 foregoing is true and correct and that this declaration was executed on the date stated
above.
19

20                                                          *Michelle Valentine*
                                                          _____
21                                                          Michelle Valentine

22

23

24

25

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

26

27

28

PROOF OF SERVICE

**EXHIBIT C**

# Progress Notes

```
   LOCAL TITLE: CLEARLAKE CLINIC TELEPHONE MESSAGE
STANDARD TITLE: REPORT OF CONTACT
DATE OF NOTE: MAR 09, 2021@13:38     ENTRY DATE: MAR 09, 2021@13:38:33
     AUTHOR: GRAHAM,ASHLEE MARIE   EXP COSIGNER:
   URGENCY:                          STATUS: COMPLETED


Telephone Contact

Date/Time: Mar 9,2021@13:38

Patient Name: REED,SCOTT BAKER
██ ███████████████
Address: 5231 93RD PL NE
MARYSVILLE, WASHINGTON  98270
Phone #: (425)344-7219
Above information verified as correct: Yes


Information updated in VistA:
```



```
Caller: Patient
If other, specify:
Call back number:

[ ] Co-manged  [X]VA only
Outside Provider:
Outside Provider Phone (with area code):


Comments: Veteran moved to Washington State. Will remove from PCMM.



/es/ ASHLEE MARIE GRAHAM
MEDICAL SUPPORT ASSISTANT
Signed: 03/09/2021 13:38
```

```
   LOCAL TITLE: PATIENT NOTIFICATION LETTER -- FREE TEXT
STANDARD TITLE: PRIMARY CARE LETTERS
DATE OF NOTE: NOV 13, 2020@14:23     ENTRY DATE: NOV 13, 2020@14:23:29
     AUTHOR: SPERBER,JENNIFER A   EXP COSIGNER:
   URGENCY:                          STATUS: COMPLETED
```

| PATIENT NAME AND ADDRESS (Mechanical Imprinting, if available) | VISTA Electronic Medical Documentation |
|---|---|
| REED,SCOTT BAKER<br>5231 93RD PL NE<br>MARYSVILLE, WASHINGTON  98270 | Printed at SAN FRANCISCO VAMC |

11-10-2021                    20190886639                    6020211110013582

# EXHIBIT D

LAW OFFICES OF
**JC J.CHRISP**
AUTO ACCIDENTS & PERSONAL INJURY

☎ (707) 994 0529
🖷 (707) 995 3529
🌐 www.chrisplaw.com
📍 15322 Lakeshore Dr. 3ʳᵈ Floor
Clearlake, CA 95422

October 19, 2021

**OFFER TO COMPROMISE**
[CAL. EVID. CODE §§ 1152, 1154]

Via Email

Sedgwick Claims Management Services, Inc.
Attn: Justin Mock
P.O. Box 14451
Lexington, KY 40512-4451
Justin.Mock@sedgwick.com

Re:        Our Client:         Scott Reed
           Your Client:        Home Depot USA, Inc.

           Your Claim No.:     20190886639

           Date of Loss:       8/31/2019

Dear Mr. Mock:

   This letter serves as an offer to compromise the global personal injury claims of Scott Reed for damages incurred as a result of an incident on August 31, 2019 while on the premises of your insured, Home Depot USA, Inc.  In the interest of resolving this clear liability case, and to hopefully avoid the substantial time and expense of litigation, we provide the following analysis and documentary support of the facts, legal issues, and potential exposure in this case.  **This demand will expire on Tuesday, November 2, 2021 at 5 PM.**

## I.      INTRODUCTION

   On Saturday, August 31, 2019, at Home Depot in Ukiah, California, an improperly secured package of metal pipes rolled down off a shelf and struck Scott Reed in the face causing a concussion and severe laceration over his right eye.  As a result of the incident, Mr. Reed suffered physical, mental, and emotional injuries for which he has received treatment.  Mr. Reed continues to struggle with the consequences of this incident and is doing his best to recover from his injuries.  As a result of Home Depot's negligence, Mr. Reed incurred economic and non-economic damages for which he should be compensated.

**A PROFESSIONAL LAW CORPORATION**



## II.   STATEMENT OF FACTS

Scott is a 46-year-old handyman and RV park manager residing in Petaluma, California. He is also an Army veteran who served in the military for ten years. Mr. Reed lives with his long-time girlfriend who has been with him, supporting and helping him since the date of injury in this case. Prior to the incident, Scott was a much more clearheaded, mentally capable and active guy than he is today because of the injuries he suffered on August 31, 2019 at Home Depot.

On Saturday, August 31, 2019, Scott Reed made a trip to Home Depot in Ukiah, California to pick up supplies for a number of ongoing projects he was working on. He made his way around the story viewing items to potentially purchase until he came to a section with metal piping mounted on shelves. Most of the pipes were taped together in bunches. However, as he went to move and take a look at one package, a bunch of unsecured pipes rolled down off the shelf. One of the falling pipes fell from the shelf and struck Scott in his forehead, directly above his right eye causing a deep laceration. Scott was knocked backward and dazed by the blow as the remaining pipes crashed to the floor in front of him. Blood began to flow from the wound he suffered as he looked around for help.

Shortly after being hit by the pipes, Scott talked to an employee or manager of the store who took down the facts of the incident in order to document what happened. The manager on duty at the time apologized to Mr. Reed and admitted to him that the racking system they were using at the time was unsafe and dangerous.

Scott then left Home Depot and made is way to Sutter Lakeside Hospital for emergency medical treatment of his head injury and laceration.

After the date of Mr. Reed's injury, Home Depot completely changed and renovated the way their metal pipes are stored. Whereas before they were on a shelf and could roll off, now the pipes are standing up and chained together so that they cannot fall.







IV.   **SPECIAL DAMAGES**

    A.  **MEDICAL TREATMENT**

        1.  **PAST MEDICAL**

            a)  **SUMMARY OF DIAGNOSES**[2]

- **INITIAL DIAGNOSES**
  - **Laceration of right eye**
  - **Concussion**
  - **Post-Concussive Syndrome**
  - **Blurred Vision**
  - **Memory and Behavioral Complications**

            b)  **SUMMARY OF TREATMENT**

Scott presented to the Emergency Department at Sutter Lakeside Hospital at around 6 PM on August 31, 2019.  He had a 2.5 cm linear laceration to his right eyebrow.  Bleeding was under control at that point, but Scott complained of throbbing pain and mild disorientation.  At the time, he denied loss of consciousness, vomiting, nausea, dizziness or lightheadedness.  Scott's laceration was closed with surgical glue Steri-Strips.

Before discharge, Scott was instructed on home care along with post-concussion syndrome due the blow he suffered to his head.  He was advised to follow up with and be evaluated by his primary care physician, and told to come back to the ER if he began to suffer

---

[2] See Medical Records

post-concussion symptoms. Due to his lack of concussion symptoms at the time, Scott was not diagnosed as having suffered a concussion while in the ER that evening.

Five days later, on September 5, 2019, Scott presented to the VA clinic in Clearlake, California for a post-injury follow-up. He complained of memory lapses, a constant dull, aching headache, dizziness when walking or sitting, and vomiting—all symptoms of post-concussion syndrome. He also complained of waking up several times in the middle of the night disoriented and not being able recognizing where he was. Records indicate he was not in any acute distress but was suffering from anxiety due to the injury and the lapses of memory and disorientation he continued to suffer since the incident. He was instructed to return to the emergency room due to his worsening condition.

Later the same day, Scott presented to the emergency room at Adventist Health in Clearlake for evaluation and treatment of his worsening post-concussion symptoms. In route to the ER, Scott stopped at an auto parts store only to realize that he completely forgot why he was there and what he went for. Once he made it to the emergency room, Scott complained of increasing anxiety and issues with memory lapse and disorientation. His doctor immediately ordered a CT scan of Scott's brain to evaluate for potential trauma there, and fortunately the results came back negative. A neurological exam was performed, which also came back normal. Scott was diagnosed as having suffered a concussion, and he was discharged again with head injury precautions. He was instructed to follow up at the VA for continued outpatient surveillance of his condition.

About a month later, Scott presented for the first time at the VA clinic in Clearlake. He continued to complain of issues with memory loss. He also complained of having blurry vision and haziness in his right eye, which he reported not having experienced prior to the incident. An urgent ophthalmology appointment was made for his vision to be evaluated more thoroughly. He was instructed to go to the emergency room if he suffered significant deterioration of his vision or worsened post-concussive syndrome symptoms.

On October 11, 2019, Scott presented for an eye examination at the VA clinic in Clearlake. He complained of worsening, blurry vision specifically in his right eye. While he had suffered some vision issues prior to the incident, he explained that vision in his right eye had become much worse since the head injury he suffered at Home Depot on August 31st. In spite of his condition, the examination returned no abnormal findings at the time.

About a month later, on November 8, 2019, Scott was seen again at VA clinic in Clearlake. Again, he reported trouble with short-term memory loss, mild slurred speech, and difficulty focusing. He was referred out for a neurology follow up and instructed again to go to the ER if any of his post-concussive symptoms worsened or became unmanageable.

After several months of dealing with ongoing issues with memory loss, disorientation, and other negative behavioral trouble, Scott presented Sutter Lakeside Hospital in Lakeport, California for an MRI and further evaluation. Results from the MRI revealed a normal magnetic resonance imaging of his brain, but Scott was again diagnosed as having suffered a concussion on August 31, 2019.

To date, Scott continues to suffer and struggle with the mental and emotional issues caused by the head injury he suffered at Home Depot on August 31, 2019.  He has not received further treatment as he has succumbed to the belief that there simply is not much more that can be done to remedy his condition.  In light of that, he is open to resuming and pursuing viable treatment options that may be available.  Furthermore, more advanced brain imaging technologies could be utilized to get a more detailed and thorough understanding of his condition.

## C)  SUMMARY OF MEDICAL BILLS[3]

| Date of Service | Facility and Provider | Amount Billed |
|---|---|---|
| 8/31/2019 | Sutter Lakeside Hospital | $ 2,688.99 |
| 8/31/2019 | San Francisco Emergency Medical | $ 440.00 |
| 9/5/2019 | AH-Clearlake | $ 4,467.81 |
| 9/5/2019 | Acute Medical Providers | $ 940.00 |
| 7/9/2020 | Sutter Lakeside Hospital | $ 4,275.00 |
| 9/5/2019-11/8/2019 | Department of Veteran Affairs - Clearlake | $ 1,517.84 |
| Total | | $ 14,329.64 |

## 2.  FUTURE MEDICAL

As of the date of this letter, Scott continues to experience intermittent memory loss, disorientation and behavioral disturbances related to his concussion.  That being said, his future medical care has not been fully evaluated at this time but should be considered in the calculation of his general damages.

## V.  GENERAL DAMAGES (non-economic )

"When a person is seriously injured, the greatest loss is the loss of the enjoyment of life, the pleasure, the satisfaction or the utility that human beings derive from life, separate and apart from earnings.  These are non-economic injuries."[4]

"The general rule of damages in tort is that the injured party may recover for *all* detriment caused," which includes damages for non-economic harm.  (See *Crisci v. The Security Insurance Co. of New Haven, Connecticut* (1967) 66 Cal.2d 425, 433).  *A plaintiff in a personal injury case with established liability is entitled to reasonably recover for both past and future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation and emotional distress.* (See CACI 3905A. Physical Pain, Mental Suffering, and

---

[3] Medical bills are attached as supporting exhibits to this demand.
[4] https://centerjd.org/content/fact-sheet-understanding-non-economic-damages

Emotional Distress (Noneconomic Damage)).  The value and amount of a plaintiff's non-economic recovery would be left solely to the discretion of the judge or jury, and "***the only standard being such an amount as a reasonable person would estimate as fair compensation.***' " (*Duarte v. Zachariah* (1994) 22 Cal.App.4th 1652, 1664–1665).

General damages, used to measure and appraise an injured plaintiff's pain and suffering, are much more difficult to calculate and quantify than special damages. There are no receipts and proofs of purchase with which to prove them. ***Those whose job it is to value them face the tough task of valuing another person's grief, embarrassment, humiliation, anxiety, mental anguish and emotional distress (among other factors).***  Usually, the best that can be done is to appeal to the valuators sense of morality, to their sense of what is right and what is wrong in a given situation, and ***ask them to assign a fair value to the pain and suffering experienced by the plaintiff as a result of the defendant's negligence or wrongdoing***.

Insurance companies often calculate general damages by a gross formula, which multiplies a plaintiff's special or economic damages by a factor of 2, 3, 4, or 5.  However, even in cases where special or economic damages are low, a very high factor or multiplier may in fact be *warranted* due to the extent of pain and suffering endured by the plaintiff.  Most importantly, there are no hard and fast rules as to what factor or multiplier to apply.  ***And again, it often comes down to what arguably is most fair given the nature and quality of the plaintiff's pain and suffering***.

An incredibly important question to answer in calculating Scott Reed's non-economic damages is this, "What would a reasonable person or juror estimate as fair compensation for what Scott Reed has endured up to this point and for what he will endure in the future?"

Prior to the incident in this case, Scott had no reported issues or trouble with memory or mental clarity.  While he did suffer a concussion approximately 7 years prior to the incident in this case, it did not cause him to have any issues with his brain, his memory or his ability to think and remember things clearly and easily.  He has no record of behavioral issues or troubles.  According to Scott, he's always had a pretty good memory and has always been able to think nimbly and quickly at any point in time.  Both at home and at work, Scott had no trouble that stemmed from his brain function or ability to remember things.

Scott is also in a committed relationship with his girlfriend.  He values his relationship and lovingly accepts and carries out the duties he has as a part of it.  Prior to being injured at Home Depot, Scott was an active and helpful partner in that relationship.  At home, he and his girlfriend worked together to handle household chores and work.  Together they traveled, went out together, and did other outgoing activities that required him to be able to think clearly, remember things, and be steady and reliable behaviorally. Scott's mental health and wellness were a part of what made him a good partner.

On Saturday, August 31, 2019, all this changed when Home Depot's negligence caused a bunch of pipes to fall down onto Scott Reed's head leading to the concussion and post-concussive symptoms he has suffered from along with the memory trouble and other behavioral issues he's had to deal with.

From the date of the incident until today, Scott continues to have trouble with his memory and brain function.  Several times, he has left the house to go on an errand or to carry out some task only to discover a short time later that he cannot remember clearly what he set out to do.  He now has to make notes so that he can adequately keep track of what he has to do and when.  This is a great an ongoing inconvenience for him.  He has suffered mounting frustration, severe anxiety and has even been diagnosed with depression since and because of the injury he suffered at Home Depot.

Scott also has considerable trouble with work as his memory trouble makes it difficult for him to remain focused and attentive.  He has to do extra things like making notes and setting other reminders so that he doesn't lose his way or screw things up on the job.  This makes it difficult for him to be effective and efficient at what he does.  And again, his inability to focus and remember things like he used to causes anxiety and depression, which only serve to compound the trouble he has on the job.

Aside from the mental issues, Scott has also suffered issues related to his vision in his right eye.  As mentioned above, he started having worsening blurriness in that eye since the incident.  After all, the pipe did strike him directly over his right eye.  His diminished ability to see clearly out of that eye has many and far ranging consequences both at home and on the job.  Not being able to see clearly, in his line of work, means that things take longer to fix and jobs are more difficult overall to handle.

Another clear and obvious non-economic harm Scott has faced has been the loss of enjoyment of life and consortium with his girlfriend.  From the moment Home Depot's pipes fell down and hit him, his life has not been the same.  Since then, he has struggled with frustration and even temper troubles that have negatively affected his relationship.  His anxiety and depression have also weighed on him and his girlfriend as they both struggle to get through it all.  Scott is concerned that over time his deteriorating mental health and inability to remember could spell the end of his loving relationship with his girlfriend.

Needless to say, Scott's home life and relationship with his girlfriend have also been strained.  Thankfully, their union is strong and has been able to endure the trying time.  Being injured and incapable of carrying his weight has made things tougher for both of them.  The steady enjoyment they got out of their relationship has undeniably been diminished by his injury the subsequent issues it caused.

Returning to our question, "What would a reasonable person or juror estimate as fair compensation for all this?"  What would a reasonable person think is acceptable monetarily in exchange for a humiliating Home Depot and nearly two years of memory trouble, disorientation and a worsening behavioral condition?

Should this case go to trial, the question would be put to the jury just like that, but with much greater attention to detail, and much more focus to each item of economic and non-economic harm endured by Scott Reed as a result of Home Depot's negligence.

## VI.   ITEMIZATION OF DAMAGES

Defendant faces exposure in connection with economic and non-economic damages as follows:\

| | |
|---|---|
| Medical Expenses Billed | **$13,795.84** |
| Future Medical Expenses | **UNKNOWN[5]** |
| **Special Damages (Economic) Total** | **$13,795.84** |
| **General Damages (Non-Economic)** | **TBD** |

## VII.   DEMAND FOR SETTLEMENT

This has served as a life-changing event for Scott Reed.  The injuries he suffered may be somewhat permanent in nature and continue to plague him to this date.  Add to this the significant mental and emotional pain and suffering endured, and it becomes clear that Mr. Reed has been substantially harmed as a result of Home Depot's negligence.

It should be added that Mr. Reed has a number of friends, family and work-related witnesses who can and will testify to support his claims of injury and loss suffered.

Scott Reed is willing to settle this matter against your insured, Home Depot in exchange for payment in the amount of ***the policy limit.***  In exchange, Scott Reed will execute a full and final release discharging Home Depot or any of its owners, parent companies or subsidiaries from liability for the damages that Mr. Reed sustained on the date of loss in this case.

This offer shall remain open until **Tuesday, November 2, 2021 at 5 PM** and will not be renewed.  If your office requires additional time to evaluate it, please request an extension of time.  If you require any additional information or documentation to evaluate this offer, please let us know.  We would additionally request that you immediately notify Home Depot of this offer.

Please do not hesitate to contact our office if you would like to discuss this matter further.

Very truly yours,

Jesse B. Chrisp
The Law Offices of J.Chrisp

---

[5] Amounts listed as "UNKNOWN" have not been fully evaluated at this time but should be considered in the calculation of general damages.

10